**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERIC GRAVES (#290037)**                                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                        **NO. 09-0705-JJB-CN**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, April 16, 2010.

                                       **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ERIC GRAVES (#290037)**                                                           **CIVIL ACTION**
**VERSUS**
**BURL CAIN, ET AL.**                                                                **NO. 09-0705-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 8. This motion is not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, and Lt. Mark Briggs, complaining that his constitutional rights were violated on February 7, 2009, when he was subjected to multiple strip searches by defendant Briggs.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff

must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

The plaintiff alleges in his Complaint that on February 7, 2009, upon returning to his housing unit from a non-contact visit, he was subjected to two (2) strip searches by Sgt. Odom (not named as a defendant herein) while defendant Mark Briggs observed. Apparently concluding that Sgt. Odom was not correctly conducting the strip searches, defendant Briggs then subjected the plaintiff to three (3)

additional strip searches, each time ordering the plaintiff to "bend over and spread [his] butt cheeks." The plaintiff further complains that defendants Cain and Stalder thereafter failed to respond appropriately to administrative grievances filed by him relative to the alleged wrongdoing of defendant Briggs. Finally, the plaintiff complains that he sought medical treatment on May 5, 2009, from mental health worker Sandra Peabody (not named as a defendant herein), but Ms. Peabody exhibited an apathetic response to his complaints.

In response to the plaintiff's allegations, the defendants first contend that the plaintiff is precluded from bringing this action by virtue of the Eleventh Amendment to the United States Constitution, which Amendment prohibits the bringing of a lawsuit in federal court against a state, its agencies or persons acting as official representatives thereof. However, whereas the defendants are correct that this Amendment precludes the bringing of a lawsuit seeking monetary damages against the defendants in their official or representative capacities under § 1983, this does not end the inquiry because the plaintiff has also named the defendants in their individual capacities.

The distinction between official capacity suits and individual capacity suits was addressed by the United States Supreme Court in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). In Hafer, the Court made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. Notwithstanding, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is

enough to establish personal liability in a § 1983 lawsuit.  Id. Accordingly, the plaintiff in this case is entitled to seek recovery of monetary damages against the defendants insofar as the defendants are sued in their individual capacities for actions taken by them which caused the alleged deprivation of the plaintiff's constitutional rights.

The defendants next contend, as to Warden Burl Cain and Secretary Richard Stalder, that the plaintiff fails to state a claim upon which relief may be granted.  In this regard, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has made no allegation that defendants Cain or LeBlanc have taken any actions which may be characterized as violations of the plaintiff's constitutional rights.  Although the plaintiff alleges that these defendants had supervisory authority over the prison and over subordinate officers, he

makes no assertion that these defendants participated directly or personally in the searches of February 7, 2009, or in the plaintiff's medical care in May, 2009. Accordingly, it is clear that the plaintiff has failed to allege the requisite personal participation by these defendants in the violations alleged. Further, to the extent that the plaintiff complains that these defendants failed to take appropriate action to investigate or address his complaints after receipt of his administrative grievance, the law is clear that the plaintiff is not constitutionally entitled to an investigation of his administrative grievances or to a favorable response thereto. Specifically, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

Accordingly, the plaintiff's claim regarding the alleged failure of defendants Cain and LeBlanc to properly investigate or respond to his administrative grievance is without legal foundation. These defendants, therefore, are entitled to dismissal from this proceeding.

The remaining defendant, Mark Briggs, next contends that the plaintiff is not entitled to recover compensatory damages for mental anguish and emotional distress in this case. Specifically, the defendant contends that the plaintiff, "fails to allege any 'physical injury' sufficient to support his claim for monetary damages." The defendant is correct in this regard. Pursuant to statutory dictate, an inmate plaintiff asserting a claim under 42 U.S.C. § 1983 is not entitled to recover damages for mental or emotional injuries in the absence of a

showing of physical injury.  42 U.S.C. § 1997e(e).  Accordingly, inasmuch as the plaintiff has failed to allege any physical injury in this case, the defendant is correct that recovery of compensatory damages is precluded.

Notwithstanding the foregoing, the plaintiff has also prayed for punitive damages in this case.  In this regard, a plaintiff is allowed to recover punitive damages from a state employee who, acting in his individual capacity and under color of state law, has violated the plaintiff's constitutional rights, provided that the plaintiff proves that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of the plaintiff.  Campbell v. Miles, 228 F.3d 409 (5th Cir. 2000); Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994).  The recovery of such damages is not dependant upon any showing of physical injury.  Accordingly, in the event that the plaintiff's claim proceeds to trial, he will be entitled to seek punitive damages from the defendant.  See Hutchins v. McDaniels, 512 F.3d 193 (5th cir. 2007).

Turning to the plaintiff's claim of multiple humiliating strip searches conducted by defendant Briggs, **the defendant asserts the defense of qualified immunity.**  Specifically, the defendant contends that the plaintiff has failed to make sufficient allegations of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the

defendant's conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because the plaintiff has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of the plaintiff's constitutional rights.[1]

Undertaking the Saucier analysis, the Court concludes that the plaintiff's allegations overcome the defendant's assertion of qualified immunity and that, accordingly, the motion to dismiss should be denied relative to this defendant.

It is well-settled that a strip search or visual body cavity ("VBC") search of a prison inmate, which includes the exposure of body cavities for visual inspection, is not per se unreasonable under the Fourth Amendment. Thorne v. Jones, 765 F.2d 1276 (5th Cir. 1985), citing United States v. Lilly, 576 F.2d 1240 (5th Cir. 1978)(drug rehabilitation inmates returning to prison after unsupervised absences required to submit to VBC search). Nor must the search be predicated upon probable cause. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)(pre-trial detainees required to submit to VBC searches after

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

contact visits with persons from outside the prison); Hay v. Waldron, 834 F.2d 481, 485 (5th Cir. 1987)(inmate in administrative segregation required to submit to VBC search each time he enters or leaves his cell). Rather, the Fourth Amendment requires only that "'searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed.'" Elliott v. Lynn, 38 F.3d 188 (5th Cir. 1994), quoting United States v. Lilly, supra. As articulated in this context by the United States Supreme Court in Bell v. Wolfish, supra:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

441 U.S. at 559, 99 S.Ct. at 1884. The Fifth Circuit has interpreted this statement of reasonableness as "striking a balance 'in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.'" Elliott v. Lynn, supra, quoting Watt v. City of Richardson Police Dept., 849 F.2d 195, 196 (5th Cir. 1988).

In Hutchins v. McDaniels, 512 F.3d 193 (5th Cir. 2007), the Fifth Circuit reiterated that the Fourth Amendment to the United States Constitution protects prisoners from searches that go beyond legitimate penological interests. In Hutchins, the Court reversed the frivolous dismissal of an inmate plaintiff's claims where the plaintiff had been ordered by a security officer, after a VBC search involving the inmate's leaning against a wall, sticking his buttocks out as far as possible and spreading his legs wide, to "step back, lift one leg up, hop on one foot, switch legs and go in the opposite direction for a total distance of

about thirty feet". This activity was conducted in the view of other prisoners and a female security officer, and during the activity, the security officer wore a "lewd smile". The Fifth Circuit concluded that this claim, if proven true, could entitle the plaintiff to relief under the Fourth Amendment. See also Moore v. Carwell, 168 F.3d 234 (5th Cir. 1999)(concluding that a VBC search of a male prisoner by a female security officer in a non-emergency situation could give rise to a Fourth Amendment violation).

In the instant case, the plaintiff was allegedly subjected to three strip and visual body cavity searches in rapid succession by Lt. Mark Briggs, each time being required to "bend over and spread [his] butt cheeks". This was done in the presence of two other officers and was done after the plaintiff returned from a non-contact visit. Further, these searches were conducted after the plaintiff had just undergone two (2) prior VBC searches by another officer, with defendant Briggs watching.[2] In the absence of additional information, and accepting the plaintiff's allegations as true for the purposes of this motion, this Court cannot help but conclude that these three searches by the defendant, if they occurred as alleged by the plaintiff, may have exceeded "legitimate penological objectives" and may not have been "conducted in a manner that [was] reasonable under the facts and circumstances in which they [were] performed." Moore v. Carwell, supra. Accordingly, the Court concludes that the plaintiff has adequately stated a claim upon which relief may be granted and that the motion to dismiss should be denied relative to this claim.

---

[2] Inasmuch as the other officer, Sgt. Odom, has not been named as a defendant in this proceeding, the Court will not address the reasonableness of the first two searches. However, the fact of the first two searches has relevance to the reasonableness of defendant Mark Briggs thereafter conducting three additional searches.

Finally, although the plaintiff includes in his Complaint an allegation that he sought medical treatment in May, 2009, and that the care provided was deficient, he has not named as a defendant in this proceeding any person involved in providing such care.  Specifically, there is no suggestion in the record that defendants Stalder, Cain or Briggs had any personal connection with the provision of medical care to the plaintiff in May, 2009, or had any knowledge relative to any deficiencies in such care.  In the absence of a person before the Court who is alleged to have been personally involved in the provision of medical care to the plaintiff, the plaintiff's claim of deliberate medical indifference is not properly before the Court and should be dismissed.  See Lozano v. Smith, supra.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 8, be granted in part, dismissing the plaintiff's claims asserted against the defendants in their official capacities, dismissing the plaintiff's claim for compensatory damages, and dismissing the plaintiff's claim of deliberate medical indifference.  It is further recommended that this matter be referred back for further proceedings in connection with the plaintiff's claim asserted against defendant Mark Briggs, in the defendant's individual capacity, for the violation of the plaintiff's constitutional rights in connection with the alleged searches of the plaintiff on February 7, 2009.

Signed in chambers in Baton Rouge, Louisiana, April 16, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**